

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3677
Re: Whether cities and counties
may legally levy and collect
permit fees for the operation
of cigarette vending machines.

We received your letter dated June 11, 1941, which is self-explanatory and reads as follows:

"This department has received a number of requests for information relative to whether a county or city may legally levy and collect permit fees for the operation of a cigarette vending machine in addition to the State cigarette permit fee provided for by Article 7047c-1, Revised Civil Statutes. I shall appreciate your opinion regarding the above question."

We quote from Article 7047c-1, Vernon's Annotated Civil Statutes, as follows:

"Sec. 2. A tax of One Dollar and Fifty Cents ($1.50) per thousand on cigarettes weighing not more than three (3) pounds per thousand and Three Dollars and Sixty Cents ($3.60) per thousand on those weighing more than three (3) pounds per thousand is hereby imposed on all cigarettes used or otherwise disposed of in this State for any purpose whatsoever. * * *

"Provided, that the tax imposed shall be in lieu of any other occupation or excise tax imposed by the State or any political subdivision thereof, on cigarettes.

" * * *

"Sec. 4. Every distributor, wholesale dealer and retail dealer in this State now engaged or who desires to become engaged in the sale or use of cigarettes upon which a tax is required to be paid, shall, within thirty (30) days from the date this law becomes effective, file with the Comptroller an application for a cigarette permit as a distributor, wholesale dealer or retail dealer, as the case may be, said application to be accompanied by a fee of Twenty-five ($25.00) Dollars if for a distributor's permit, or a fee of Fifteen ($15.00) Dollars if for a wholesale dealer's permit, or a fee of Five ($5.00) Dollars if for a retail dealer's permit. * * *

" * * *

"If the application is for a permit to sell cigarettes from or by means of a cigarette vending machine, train, automobile or other vehicle, the serial number of said vending machine, the make, motor number and State highway license number of said automobile or other vehicle and the name of the railway company and number of said train shall be shown on the applications.

" * * *

"Sec. 12. It is expressly provided that no occupation tax shall be collected from any person vending cigarettes by means of a vending machine for the privilege of selling cigarettes only by means of such machines other than the permit fee herein imposed for each machine."

Under Sections 2 and 12 of Article 7047c-1, supra, it is apparent that cities and counties of this State are prohibited from levying and collecting an occupation tax on dealers of cigarettes or operators of cigarette vending machines.

We have been unable to find any statute which would authorize or grant to a county the use of general police powers. Neither do we find any statute specifically authorizing a county to regulate cigarette vending machines. For these reasons, we are of the opinion that counties in this State have no authority to regulate cigarette vending machines nor do they have any authority to levy and collect permit fees thereon. See Harris County et al v. Kaiser et al, 23 S. W. (2d) 840 (writ refused).

We have been unable to find any general statute which specifically gives the cities of this State the authority to regulate cigarette vending machines. It is probable, however, that some cities were incorporated under a special Act of the Legislature. This being true, it would be necessary for such laws to be examined in order to determine what powers such cities have. It would also be necessary that the charters of the cities be examined in order to determine its charter powers with respect to this question.

The police power of a city is only such as is derived from its charter and must be either expressly granted or be within the terms of such grant. Cain vs. State, 287 S. W. 262.

We note that Articles 1015 and 1175, Vernon's Annotated Civil Statutes, among other things, authorize cities to make certain regulations pertaining to public health and safety. We are not advised as to the reason for regulating the cigarette vending machines, and, furthermore, it would appear to be a fact question as to whether or not these machines affected the public health or safety in such manner as to permit regulation thereof. In this connection we wish to point out that the use of cigarette vending machines in selling cigarettes is a lawful business. These machines are duly licensed and regulated by the laws of this State. Article 7047c-1. This being true, the cities would be without the power to adopt any regulation which would be unduly oppressive or highly injurious to such business. Sam's Loan Office, Inc. v. City of Beaumont, 49 S. W. (2d) 1089, (Commission of Appeals, 1932). See also 14 Texas Law Review 278.

In concluding we wish to say that we are unable to determine whether or not any or all cities can levy and collect permit fees on cigarette vending machines. The ultimate determination of this question may well rest upon numerous fact issues of which we are not advised.

We trust we have satisfactorily answered your question.

Yours very truly

APPROVED JUL 17, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Lee Shoptaw
Assistant

LS:ej

APPROV
OPINI
COMMIT